IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| JAY CALVIN PARNELL and<br>TYLER WREN PARNELL | | PLAINTIFFS |
| v. | Case No.: 3:18-cv-00034-LPR | |
| SETERUS, INC. | | DEFENDANT |

## ORDER

This is a breach-of-contract case involving a mortgage loan.  Mr. and Mrs. Parnell allege that Seterus, the company responsible for servicing the Parnells' mortgage loan, committed a breach by improperly declaring the Parnells in default and instituting foreclosure proceedings. Pending before the Court is the Parnells' Motion to Supplement Witness List and Discovery Responses.[1]  For the reasons provided below, the Court DENIES the Motion.

### BACKGROUND

The Parnells filed this lawsuit in Arkansas state court on February 1, 2018.[2]  On February 28, 2018, Seterus removed the lawsuit to federal court.[3]  Since its arrival in federal court, this lawsuit has had to contend with numerous, unique obstacles that (cumulatively) have caused the case to carry on for more than four years without resolution.  In December 2018, the Parnells' original attorney encountered a serious medical problem that eventually required her withdrawal from the case in March 2019 and an extension of the Scheduling Order deadlines.[4]  The Parnells'

---

[1] (Doc. 82).

[2] Pls.' Compl. (Doc. 2).

[3] Def.'s Notice of Removal (Doc. 1).

[4] *See* Joint Status Report (Doc. 14); Joint Mot. for Extension of Deadlines (Doc. 16); Mot. to Withdraw as Attorney and Mot. to Extend Deadlines (Doc. 19); Second Am. Final Scheduling Order (Doc. 21).

second (and current) attorney entered the case in November 2019.[5] In January 2020, Seterus filed a Motion for Summary Judgment that was fully brief by both parties by the end of February 2020.[6] Before the Court was able to rule on Seterus's summary judgment motion, the Parnells filed a Motion to File an Amended Complaint.[7] In May 2020, after holding a hearing on both parties' motions, the Court granted the Parnells leave to amend their Complaint.[8] The Court held Seterus's Motion for Summary Judgment in abeyance "pending a ninety (90) day discovery period . . . ."[9]

The Parnells filed their Amended Complaint on May 28, 2020.[10] In August 2020, Seterus expressed its intention to file a counterclaim for foreclosure against the Parnells.[11] At that time, however, Seterus was "restricted from filing said counterclaim due to the CARES Act and [foreclosure moratorium] in place until August 31, 2020."[12] The foreclosure moratorium was extended multiple times, which called for concomitant extensions of the Court's deadline for Seterus to file its counterclaim.[13] Eventually, due to the repeated extensions of the foreclosure moratorium, the lawsuit was stayed on February 23, 2021, "until the COVID-19-related foreclosure moratorium expires."[14]

---

[5] Entry of Appearance (Doc. 23).

[6] Def.'s First Mot. for Summ. J. (Doc. 30); Pls.' Resp. to Def.'s First Mot. for Summ. J. (Doc. 36); Reply in Supp. of Def.'s First Mot. for Summ. J. (Doc. 37).

[7] (Doc. 38).

[8] Order (Doc. 50).

[9] Order (Doc. 51).

[10] Pls.' Am. Compl. (Doc. 53).

[11] *See* Joint Mot. for Extension of Deadlines (Doc. 55).

[12] *Id.*

[13] *Id.* (requesting extension of counterclaim deadline until September 4, 2020); Order (Doc. 56) (granting extension of counterclaim deadline until September 4, 2020); Def.'s Mot. to Continue and Extend Deadlines (Doc. 57) (discussing the extended "suspension of foreclosure-related activities through December 31, 2020" and requesting an extension of the counterclaim deadline "until at least January 4, 2021"); Joint Motion for Extension of Deadlines (Doc. 63) (requesting extension of counterclaim deadline until "30 days after expiration of moratorium"); Order (Doc. 64) (granting the extension requested in (Doc. 63)).

[14] Order (Doc. 68).

2

Seterus moved to reopen the case on August 17, 2021.[15]  Seterus filed its counterclaim for foreclosure on August 31, 2021.[16]  The Court held a telephone status conference on October 15, 2021, to "discuss the timing for moving the case forward."[17]  Immediately after that status conference, the Court entered its Third Amended Final Scheduling Order.[18]  Pursuant to that Scheduling Order, discovery was to be completed no later than November 15, 2021.[19]

On November 18, 2021—three days after the supplemental discovery deadline—the Parnells asked Seterus for permission to add two new witnesses to the Parnells' witness list.[20]  The Parnells intend to have these witnesses "testify regarding the damage to the Parnells' credit as a result of the foreclosure and litigation, and the [e]ffect on [Mr. Parnell's] construction business and his inability to get bonded after his credit was ruined."[21]  Seterus refused to allow the Parnells to add the new witnesses.[22]  The Parnells then filed the pending Motion to Supplement Witness List and Discovery Responses on November 23, 2021.[23]  The Parnells seek the Court's permission to submit the two new witnesses.[24]

## DISCUSSION

The Parnells do not specify the particular Federal Rule(s) of Civil Procedure under which they bring this Motion.  While they do not say as much, their Motion could be read as a request to

---

[15] Def.'s Mot. to Reopen Case (Doc. 71).

[16] Counterclaim (Doc. 72).

[17] Clerk's Minutes (Doc. 75).

[18] (Doc. 76).

[19] Id.

[20] See Ex. 1 to Pls.' Mot. to Suppl. Witness List and Discovery Resps. (Doc. 82-1) at 1–2.

[21] Id.

[22] Id.

[23] (Doc. 82).

[24] Id.

3

extend the discovery deadline under Rule 16(b).  That is for two reasons.  First, the discovery rules require them to identify potential witnesses during the discovery period.[25]  Second, were the Court to grant this Motion and allow the designation of two additional witnesses, basic fairness would call for an extension of the discovery deadline so that Seterus could depose the two new witnesses.

On the other hand, Seterus responds to the Motion by arguing that the two new witnesses should be excluded as a self-executing sanction under Rule 37.[26]  Seterus's argument is understandable because it is usually the defendant who brings a motion under Rule 37 when a plaintiff tries to present testimony at trial from witnesses who were designated outside the discovery deadline.  In any event, the result is the same whether the Court analyzes the Parnells' Motion under Rule 16 or Rule 37.

## I.  Rule 16

Rule 16 requires the Court's scheduling order to "limit the time to . . . complete discovery . . . ."[27]  A scheduling order may be modified "only for good cause and with the judge's consent."[28]  "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements."[29]  Prejudice to the nonmovant "may also be a relevant factor," but it is not necessary to consider prejudice "if the movant has not been diligent in meeting the scheduling order's deadlines."[30]

---

[25] *See infra* notes 37–41 and accompanying text.

[26] Def.'s Resp. to Pls.' Mot. to Suppl. Witness List and Discovery Resps. (Doc. 90) ¶¶ 7–9.

[27] Fed. R. Civ. P. 16(b)(3)(A).

[28] Fed. R. Civ. P. 16(b)(4).

[29] *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

[30] *Id.* at 717.

The Parnells have presented no evidence that they were diligent in meeting the Court's discovery deadline. During a hearing on this Motion, the Court asked the Parnells' counsel "what the good cause or the excusable neglect here was for you all not [disclosing] by the deadline."[31] The Parnells' counsel responded that the Parnells' inability to get bonded and the harm to Mr. Parnell's construction business is all part of "the evolving nature of this litigation," and that "it's something that's continued for three or four years now."[32] The Parnell's counsel added that the litigation's evolving nature eventually prompted him "to inquire further and to push [the Parnells] a little bit more to see what we can do to prove [those damages]."[33] The Parnells' counsel may very well be correct that the inability to get bonded amounts to an ongoing harm.[34] But they have been asserting that harm since at least May 2020.[35] Realizing a year and a half later that it may be beneficial to have additional witnesses on this particular issue is not diligence and does not excuse the late disclosure of those additional witnesses.[36]

## II. Rule 37

Federal Rule of Civil Procedure 26(a) requires the Parnells to provide Seterus with "the name and, if not previously provided, the address and telephone number of each witness—

---

[31] Dec. 20, 2021 Hr'g Tr. at 17.

[32] *Id.* at 17–18.

[33] *Id.*

[34] Seterus argues that allowing the supplemental designations would ultimately be futile because the type of damages to which these witnesses would testify (*i.e.*, consequential damages) are not recoverable for a breach of contract under Arkansas law. *See* Def.'s Resp. to Pls.' Mot. to Suppl. Witness List and Discovery Resps. (Doc. 90) ¶¶ 10–12. The Court need not address this argument because it resolves the Motion on the grounds that the Parnells' late disclosure is not for good cause, is not substantially justified, and is not harmless.

[35] *See* Pls.' Am. Compl. (Doc. 53) ¶ 53 ("The Parnells' inability to be bonded and insured and to obtain credit has significantly diminished the Parnells' ability to operate the construction business, and has caused an inability to do jobs that could have otherwise been performed. Accordingly, the Parnells have lost substantial income because of Seterus's breach.").

[36] The Parnells' counsel acknowledged as much when, during the hearing, he conceded that his good-cause argument "probably doesn't sound good and [] probably doesn't help [the Court] that much . . . ." Dec. 20, 2021, Hr'g Tr. at 18.

separately identifying those the [Parnells] expect[] to present and those it may call if the need arises."[37] Rule 26 grants the Court discretion to impose a deadline for such disclosures.[38] The Court's Third Amended Final Scheduling Order made clear that the discovery deadline was November 15, 2021.[39] Under Rule 37, because the Parnells "fail[ed] to provide information or identify a witness as required by Rule 26(a)," they are "not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[40] Seterus contends that the Parnells' failure to timely disclose their two additional witnesses is neither substantially justified nor harmless.[41] Seterus is right.

The Court's diligence analysis under Rule 16 applies equally to the substantial-justification analysis under Rule 37. There is no substantial justification for the delayed witness designation. The late disclosure is also "not harmless with respect to [Seterus's] preparation for trial and the district court's trial schedule."[42] Because the two new witnesses were disclosed after the discovery deadline passed, Seterus would not have a guaranteed opportunity to depose the new witnesses. Instead, Seterus would have to (1) rely on working with the Parnells to depose the two new witnesses outside the discovery deadline or (2) ask the Court to ignore its own Scheduling Order and extend the discovery deadline so that Seterus can take depositions.

"Parties such as [Seterus] are entitled to presume that opposing parties will comply with the Rules of Civil Procedure and that [witnesses] will be properly disclosed in accordance with the

---

[37] Fed. R. Civ. P. 26(a)(3)(A)(i).

[38] Fed. R. Civ. P. 26(a)(3)(B) ("*Unless the court orders otherwise*, these disclosures must be made at least 30 days before trial.") (emphasis added).

[39] The discovery deadline was the deadline to disclose new witnesses: "Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances."  (Doc. 76).

[40] Fed. R. Civ. P. 37(c)(1).

[41] Def.'s Resp. to Pls.' Mot. to Suppl. Witness List and Discovery Resps. (Doc. 90) ¶¶ 8–9.

[42] *Wegener v. Johnson*, 527 F.3d 687, 693 (8th Cir. 2008).

rules."[43]  Moreover, the Court has previously made clear that it "will not grant a continuance because a party does not have time in which to depose a witness . . . ."[44]  Extending discovery (again) runs the risk of requiring a continuance that would "further disrupt the district court's trial calendar" in a case that has already experienced numerous scheduling disruptions over the last four years.[45]

## CONCLUSION

For the reasons provided above, Plaintiffs' Motion to Supplement Witness List and Discovery Responses is DENIED.

IT IS SO ORDERED this 3rd day of May 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[43] *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018) (affirming the district court's exclusion of expert testimony under Rule 37) (quoting *Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017)).

[44] Third Am. Final Scheduling Order (Doc. 76) at 1.

[45] *Wegener*, 527 F.3d at 693.